509 A.2d 937

Township of Haverford, Appellant *v.* Michael J. Hawley, Appellee.

Argued April 10, 1986, before Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Hugh A. Donaghue,* with him, *Kenneth A. Clouse, Beatty, Young, Clouse and Lincke,* for appellant.

· ·*S.· Stanton Miller, Jr., Dunn and Miller,* for appellee.

OPINION BY JUDGE CRAIG, May 19, 1986:

The Township of Haverford appeals from an order of the Court of Common Pleas of Delaware County that reversed a decision of the Haverford Township Civil Service Commission and reinstated Michael J. Hawley as a township police officer.

In February 1979, Hawley responded to a notice published by the township entitled "Application for Police Officer Eligibility List." In addition to providing for a seven-part series of tests, Haverford Township Ordinance No. 1718, §4-428(M) then required successful applicants to reside within a ten-mile radius of the police station within one year after completing their probationary period with the police force.

Sometime before December 10, 1979, Hawley successfully completed the requirements to be placed on the police officer eligibility list and was placed thereon. At a meeting of the township commissioners held on December 10, 1979, the commissioners appointed Hawley and two other individuals from the police officer eligible list to positions in the police de-

partment, and amended §4-428(M) of the ordinance to read:

> *Applicants* for appointment to the Township service need not be residents of the Township at the time of appointment. But as soon as possible thereafter, and within one (1) year after completing their probationary period and gaining permanent status, *they must reside and during their tenure remain, within the municipal boundaries* of Haverford Township unless otherwise specifically authorized by the Board of Commissioners. (Emphasis supplied.)

The effective date of amended §4-428(M) was December 29, 1979.

On January 7, 1980, Hawley was sworn in as a police officer, and he then began his duties. Although the township chief of police stated that he told Hawley in January, 1980 that amended §4-428(M) applied to Hawley, and Hawley would be terminated if he did not move within the township's boundaries by January 7, 1983, Hawley claims he received no such notice until October, 1982. After numerous discussions concerning the issue, the chief of police terminated Hawley on January 27, 1984, for failing to reside within the township. Throughout his period of employment with the township police, Hawley resided within ten miles of the police station.

After granting Hawley a hearing on his discharge, the township civil service commission upheld the township's action discharging Hawley from his employment as a police officer. Because amended §4-428 only affected individuals who remained or became "applicants" after its effective date of December 29, 1979, the sole question we must answer is on what date did Hawley cease being an applicant for a position on the police force. The answer determines which residency requirement applies to Hawley.

On December 29, 1979, the effective date of amended §4-428(M), Hawley was no longer an applicant. The application process for Hawley ended on December 10, 1979, the date the commissioners appointed him to the police force.

Hawley's swearing-in on January 7, 1980 was nothing more than a ministerial act that formalized Hawley's appointment to the township police force. Consequently, we are not persuaded by the township's argument that Hawley's appointment was not effective until that date, which would make amended §4-428(M) applicable to Hawley.

Thus, the only residency requirement applicable to Hawley was that he reside within ten miles of the police station within one year of the expiration of his probation. He complied with that requirement.

Accordingly, we affirm the decision of the lower court.

ORDER

Now, May 19, 1986, the order of the Court of Common Pleas of Delaware County, at Docket No. 84-952, is affirmed.